No. 21-20468

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee

v.

ANDY BADENOCK,

        Defendant - Appellant

_____

On Appeal from the United States District Court for the
Southern District of Texas, Houston Division
No. 4:18-CR-00405-5

_____

**APPELLANT'S BRIEF**
_____

MERVYN M. MOSBACKER JR.
Attorney for Appellant
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
Telephone – (713) 526-2246
Facsimile – (713) 358-5874

April 20, 2022
ATTORNEY FOR APPELLANT

## CERTIFICATE OF INTERESTED PERSONS

---

UNITED STATES OF AMERICA,
*Plaintiff – Appellee,*

v.

ANDY BADENOCK
*Defendant – Appellant.*

---

The undersigned counsel of record certifies that the following persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualifications or recusal.

1. The Honorable Sim Lake, United States District Judge
2. Andy Badenock, Defendant-Appellant
3. Jennifer Stabe, Assistant U.S. Attorney, Southern District of Texas
4. Jason Corely, Assistant U.S. Attorney, Southern District of Texas
5. Carmen Mitchell, Assistant U.S. Attorney, Southern District of Texas

*/s/Mervyn M. Mosbacker Jr.*
MERVYN M. MOSBACKER JR.
Attorney for Appellant
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
Telephone – (713) 526-2246
Facsimile – (713) 358-5874

ATTORNEY FOR APPELLANT

## ORAL ARGUMENT REQUESTED

The defendant–appellant Andy Badenock respectfully informs the Court that oral argument is requested. Oral discussion of the facts and the applicable precedent would assist the Court in this case.

## TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS      i

ORAL ARGUMENT REQUESTED      ii

TABLE OF CONTENTS      iii

TABLE OF CITATIONS      iv

STATEMENT OF JURISDICTION      v

STATEMENT OF THE ISSUE      6

STATEMENT OF THE CASE      7

A.   Proceedings below      7

B.   Statement of Facts      9

STANDARD OF REVIEW      12

SUMMARY OF ARGUMENT      13

ARGUMENT      13

ISSUE ONE RESTATED      13

CONCLUSION      20

CERTIFICATE OF SERVICE      21

CERTIFICATE OF COMPLIANCE      21

# TABLE OF CITATIONS

Cases                                                                    Page

*Barker v. Wingo,* 407 U.S. 514, (1972)        12, 13, 15, 16, 17, 18,19

*Doggett v. United States*, 505 U.S. 647, 654-658 (1992)        17

*Smith v Hooey*, 593 U.S. 374, 377-379 (1969)        18

*United States v. Ewell*, 383 U.S. 116, 120 (1966))        18

*United States v. Frye,* 489 F.3rd 201, 209 (5th Cir. 2007)    15, 19

*United States, v. Molina-Solorio*, 577 F. 3d 300, 304        12
(Fifth Cir. 2009)

STATUTES and RULES

Amend.VI to the United States Constitution        6, 13

21 U.S.C. § 841(b)(1)(A)(ii)        6

21 U.S.C. § 846, 841(a)(1)        6

28 U.S.C. § 1291        6

Rule 4(b), Federal Rules of Appellate Procedure        6

## STATEMENT OF JURISDICTION

Appellant was prosecuted in the United States District Court for the Southern District of Texas for violating 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii) (conspiracy to possess with intent to distribute a controlled substance [specifically, 5 kilograms or more of cocaine]), over which statute, the District Court had jurisdiction.

The jurisdiction of this Court of Appeals is invoked under Section 1291, Title 28, United States Code, as an appeal from a final judgment of conviction and sentence in the United States District Court for the Southern District of Texas.   Notice of Appeal was timely on September 1, 2021, and an Amended Notice of Appeal was filed on September 2, 2021, filed in accordance with Rule 4(b) of the Federal Rules of Appellate Procedure.

**ISSUES PRESENTED FOR REVIEW**

ISSUE ONE:    Whether the trial court committed error when it denied the motion to dismiss the indictment based on a violation of the right to a speedy trial guaranteed under the Sixth Amendment to the United States Constitution.

**STATEMENT OF THE CASE**

A. Proceedings Below

On July 18, 2018, an indictment was filed in the Southern District of Texas charging Defendant Andy Badenock, and seven others, with a conspiracy to possess with the intent to distribute five (5) or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii). ROA.1352-1353 .

On November 7, 2019, a superseding indictment was filed Defendant Andy Badenock, alone, with a conspiracy to possess with the intent to distribute five (5) or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii).   ROA. 62-63.

On November 18, 2019, Defendant Badenock was arraigned on the superseding indictment and entered a plea of "not guilty".   ROA. 6.

On November 6, 2020, a motion to suppress the results of an illegally obtained wire intercept, or to dismiss the indictment based on a violation other the right to a speedy trial was filed, on behalf of Defendant Badenock. ROA. 235-247.

On April 7, 2021, the trial court issued a Memorandum Opinion and Order denying the motion to suppress or dismiss.   ROA. 275-303.

On May 24, 2021, jury selection was held as to Defendant

Badenock, a jury was selected to hear the case, opening statements were presented by counsel for the Government and counsel for Defendant Badenock, and the Government began presenting witnesses.   ROA. 432-504.

On May 26, 2021, the Government rested and the Defense presented evidence, with Defendant Badenock testifying.   The Defense rested.   ROA. 805-996.

On May 2721, 2021, the Government and the Defense gave closing statements, the jury deliberated, and returned a verdict of guilty on Count One of the Superseding Indictment.   ROA. 997-1068.

On August 30, 2021, the trial court sentenced Defendant Badenock to 12o months confinement in the Bureau of Prisons, and 5 year supervised release term, and a $100 special assessment.   ROA. 1069-1077.

On September 1, 2021, a notice of appeal was filed on behalf of Defendant Badenock.   ROA. 377-378.

On September 2, 2021, an amended notice of appeal was filed on behalf of Defendant Badenock.   ROA. 380.

B. Statement of the facts

On December 28, 2015, an affidavit submitted by Drug Enforcement Administration (DEA) agent James Gainer in support of an application for the continued wire interception of two cell phone numbers, 281-520-7823 and 713-202-1744, was filed and submitted to Sim Lake, United States District Judge for the Southern District of Texas, Houston Division.   ROA. 1394-1446.   Judge Lake signed the affidavit and application on December 28,  2015, and issued an order that same day authorizing the continued wire interception for a period of thirty days.   ROA. 275.

The two cell phone numbers were subscribed to Deon Dickson, although Regina Dickson was identified as using the 713-202-1744 number. ROA.1395-1396.   Both Deon Dickson and Regina Dickson were identified as the leaders of a Drug Trafficking Organization (DTO).   ROA 1396.   They are married.   ROA. 1398.

At trial, the last drug deal Deon Dickson testified about was his trip to Jacksonville, Florida with Andy Badenock on December 29, 2015, for a cocaine deal with Aaron McGhee.   ROA. 829, 8-11.   Dickson had Raymond Marsh bringing the cocaine to Florida in a motor vehicle.   ROA. 836, 16-18. Marsh is listed as a defendant in the original indictment in this case.   ROA. 17.

In Jacksonville, Dickson met with Raymond Marsh, who was driving the load vehicle, at a 7-Eleven near Aaron McGhee's apartment. ROA. 148, 18-23. As he was leaving the meeting, he saw Raymond Marsh being pulled over by police vehicles. ROA. 849, 17-24.

Drug Enforcement Administration agent (DEA) Tim Reichenbach testified that 8 kilograms of cocaine were found in the spare tire of the vehicle that Marsh was driving. ROA. 904, 2-17. After the stop, agent Reichenbach went to the apartment they had under surveillance that night. ROA. 905, 6-15. Inside the apartment, he found Deon Dickson, Andy Badenock, and Aaron McGhee. ROA. 905, 16-25, 906, 1.

There was no evidence presented by the Government about any drug deals in the conspiracy alleged in the original indictment or the superseding indictment, that occurred after the Jacksonville seizure. It is interesting to note that the original indictment alleges a conspiracy running from September 2015 through December 2015. ROA. 17-18. The superseding indictment, against Defendant Badenock alone, extends the period through January 2016. ROA. 62-63. That is even though the Government to produce any evidence of any further activity in furtherance of the conspiracy past the end of December 2015.

Deon Dickson was first approached by the DEA about becoming

confidential informant on January 15, 2016.  ROA. 882, 12-24.  He did undercover purchases as a confidential informant for the DEA.  ROA.885, 11-23.

His wife, Regina Dickson, became a confidential informant in February 2016 and continued as such until sometime in 2018.  ROA. 603, 11-15.  Raymond Marsh also was a confidential informant for DEA. RPOA. 491, 18-24.

**STANDARD OF REVIEW**

The appropriate standard of review for the trial court's application of the four factor balancing test from *Barker v. Wingo*, 407 U.S. 514 (1972) is *de novo*. *United States, v. Molina-Solorio*, 577 F. 3d 300, 304 (Fifth Cir. 2009).

**Summary of Argument**

The trial court issued a Memorandum and Order addressing the speedy trial issue presented in Defendant Badenock's motion to dismiss for for a violation of speedy trial.  ROA. 275-303.  In its Memorandum, the trial court failed to address the four factor test the Supreme Court put forth in *Barker v. Wingo*, 407 U.S. 514, 530-532 (1972), and thus failed to adequately address Appellant's of actual or presumptive prejudice.

ARGUMENT AND AUTHORITIES

**ISSUE ONE:   The trial court committed error when it denied the motion to dismiss the indictment based on a violation of the right to a speedy trial guaranteed under the Sixth Amendment to the United States Constitution.**

This case was first indicted on July 18, 2018. All of the evidence needed to indict Defendant Badenock was in the Government's possession by the end of January 2016. That includes all of the intercepted conversations authorized by order authorizing the wire intercept on December 28, 2015.

That authorization ended  on January 27, 2016. The  Government also had seized kilograms of cocaine and a large amount of U.S. currency by the end of December, and had interviewed Defendant Badenock in Jacksonville, Florida. Further, the Government interviewed Deon and Regina

Dickson, in January and February 2016, who both .. claimed Defendant Badenock was involved in the cocaine shipment to Jacksonville, Florida at the end of December, that was seized, and in many other drug transactions.

It seems that the paramount reason for delaying the indictment of Defendant Badenock for two and a half years, was that DEA recruited and used the Dixons and Raymond Marsh, another defendant in this case, as Government informants. Meanwhile, as outlined in Defendant's Motion to Suppress the Results of an Illegally Obtained Wire Intercept, or to Dismiss the Indictment Based on a Violation of the Right to a Speedy Trial, Mr. Badenock lost two witnesses that could have testified on his behalf, because of the delay.

The Motion further alleges that Seon Guy was deported by the Government to Trinidad and Tobago on August 16, 2016. The Defense had no way to bring Mr. Guy to Court. His testimony could have been crucial on a hearing on the motion to suppress, and at trial. By sworn affidavit attached to the Motion, he denied having drug paraphernalia on December 3, 2015, and noted that the case against him being in possession of drug paraphernalia was dismissed. ROA. 256. The case against him was, in fact, dismissed. ROA. 253-254.

Another witness who would have been available to testify about the source of some of the money the Dicksons had is Barry Walker, who at the

time of the offense was living in the Houston metro area. In her testimony, Regina Dickson confirmed that Barry Walker had participated in Houston Auto Express with she and her husband.   ROA. 671, 25, and 672, 1-8.   She also noted that he had invested in that business.   ROA, 672, 23-24.

As alleged in the Motion, Mr. Walker is a former Enron executive who was funding the "floor   plan"   for   Dickson's luxury used car business. Mr. Walker moved   to Costa Rica   in June of 2017, and has evidently changed his phone number.   ROA. 233-234.   His testimony would have been helpful in the hearing on the motion to suppress, and at trial.

It is no small thing that Defendant Badenock, through no fault of his own, and directly as a result of the Government's decision to delay the indictment for so long, has lost two witnesses who would be so   important to   his defense, and to the hearing on the motion to suppress.

The Supreme Court in *Barker v. Wingo,* 407 U.S. 514, (1972) identified four factors that are to be used in a balancing test when a speedy trial issue is raised. The first factor is the length of the delay. *Id* at 530. Here, the pre-indictment delay was two and a half years, and the Government is solely responsible for this delay. Given that the Government had the evidence against Defendant Badenock in hand by the end of January 2016, that delay is unwarranted.

The second factor is the reason the Government gives to justify the delay. *Id* at 531. Here, the Government has summarily stated that the investigation of this conspiracy continued and necessitated the delay. ROA. 301.  The clearly apparent reason is that they wanted to use the Dixons and Raymond Marsh as informants and were not finished with them, as Ms. Dickson pointed out, until 2018. R O A . 6 0 3 , 1 1 - 1 5 . That reason does nothing to cure the prejudice that should be presumed after weighing the first three factors, and certainly does nothing to address the actual harm that Defendant Badenock has suffered as a result of the delay.

The third factor is the defendant's responsibility to assert his right to a speedy trail.  *Id.* Here, for two and a half years Defendant Badenock was unaware that charges would be brought against him, so he had no knowledge that the case was being delayed. There was no way for him to assert his right to a speedy trial. The delay after his indictment is not the subject of this appeal.

Finally, the fourth factor is prejudice to the defendant. *Id* at 532. Here the prejudice is clear. Defendant Badenock has lost two witnesses, before he even knew that he would be charged, due entirely to the

Government's decision to prioritize giving three of Defendant Badenock's codefendants a chance to work off their criminal liability, while leaving Defendant Badenock hanging.

In *Doggett v. United States*, 505 U.S. 647, 654-658 (1992), the Court dealt with the issue of presumptive prejudice. The Court stated that unreasonable delay threatens to produce more than one sort of harm, "including...'the possibility that the [accused's] defense will be impaired' by dimming memories and the loss of exculpatory evidence." (Citing *Barker v. Wingo*, at 532; *Smth v. Hooey*, 593 U.S. 374, 377-379 (1969); and *United States v. Ewell*, 383 U.S. 116, 120 (1966)).

If the delay length is sufficient, then a court determines whether the first three factors "weigh so heavily in favor of the defendant that prejudice is presumed." *United States v. Frye,* 489 F.3rd 201, 209 (5th Cir. 2007). All first three factors weigh heavily against the Government, so prejudice should be presumed.

The length of the unnecessary delay was at least two years, given that the last event in the conspiracy occurred at the end of December 2015, and the indictment was not filed until July 18, 2018.

The Government never supported its bald statement that the delay

was to further investigate the case, when not one event in support of the conspiracy bled past the end of December 2015, and the Government did not show any acts by any defendant in the original indictment that occurred after December 2015.

Finally, as noted previously, Defendant Badenock timely asserted right to a speedy trial, as he was unaware, until he was indicted, of the pre-indictment delay of over 36 months.

Since all three of these *Barker* factors weigh heavily in favor of the Defendant, prejudice should be presumed.

The trial court, in its Memorandum and Order, did not apply the four *Barker v. Wingo* factors. ROA. 296-302. The court also took the Government at its word that delay was "investigative delay", with no facts produced to support that conclusion. ROA. 301-302. The court also characterizes the loss of witnesses put forth in Defendant Badenock's motion and the testimony they could have given as a "speculative possibility", but takes the Government at its word that " the indictment alone would not have been sufficient on its own to stop his (Guy's) deportation", which assumes that Guy could not have been held as a material witness. ROA. 299-300.

The court also failed to consider the test put forth in *United States v.*

*Frye* as applied to Defendant Badenock's case.

CONCLUSION

For the foregoing reasons, counsel respectfully requests that the

judgment in this case be reversed, dismissing the case against Mr. Badenock.

Respectfully submitted,

<u>/s/Mervyn M. Mosbacker Jr.</u>
MERVYN M. MOSBACKER JR.
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
Telephone – (713) 526-2246
Facsimile – (866) 313-8678

CERTIFICATE OF SERVICE

I, Mervyn M. Mosbacker Jr., certify that today, April 20, 2022, a copy
of the brief was served upon Carmen Mitchell, Assistant U.S. Attorney for the
Southern District of Texas, via electronic filing system.

/s/Mervyn M. Mosbacker Jr.
Mervyn M. Mosbacker Jr.

CERTIFICATE OF COMPLIANCE

Pursuant to 5TH CIR. R. 32.2.7(c), the undersigned counsel certifies that
this brief complies with the type-volume limitations of 5TH CIR. R. 32.2.7(b).

Exclusive of the portions exempted by 5TH CIR. R. 32.2.7(b)(3), this
brief contains 2,476 words printed in a proportionally spaced typeface.

This brief is printed in a proportionally spaced, serif typeface using
Times New Roman 14 point font in text produced by Microsoft Word 2007
software.

Undersigned counsel understands that a material misrepresentation in
completing this certificate, or circumvention of the type-volume limits in 5TH
CIR. R. 32.2.7, may result in the Court's striking this brief and imposing
sanctions against the person who signed it.

/s/Mervyn M. Mosbacker Jr.
Mervyn M. Mosbacker Jr.